1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  JUSTIN SALMEN,                          Case No.:  23-CV-2054 JLS (AHG)
    CDCR #BK-5581,
12                                          **ORDER:**
                               Plaintiff,
13                                          **(1)  GRANTING MOTION FOR**
                vs.                         **RELIEF FROM LOCAL RULE**
14                                          **GENERAL ORDER NO. 653A;**
    L. TERRONEZ, Correctional Officer;
15  BLANDING, Correctional Counselor,       **(2)  GRANTING MOTION TO**
                                            **PROCEED *IN FORMA PAUPERIS*;**
16                             Defendant.
                                            **(3) DISMISSING CLAIMS AGAINST**
17                                          **DEFENDANT BLANDING; AND**
18
                                            **(4) DIRECTING U.S. MARSHAL TO**
19                                          **EFFECT SERVICE OF COMPLAINT**
                                            **AND SUMMONS ON DEFENDANT**
20                                          **TERRONEZ PURSUANT TO**
21                                          **28 U.S.C. § 1915(d) & Fed. R. Civ. P.**
                                            **4(c)(3)**
22
23                                          (ECF Nos. 6, 7, 8)
24
25
26

27       Plaintiff Justin Salmen, a state prisoner proceeding pro se, has filed a civil rights

28  Complaint ("Compl.," ECF No. 7) pursuant to 42 U.S.C. § 1983.  Plaintiff has not paid the

1    civil filing fee but has instead filed a Motion to Proceed *In Forma Pauperis* ("IFP Mot.,"

2    ECF No. 6).  Plaintiff has also filed a "Motion for Relief from Local Rule General Order

3    No. 653A" ("Mot. for Relief," ECF No. 8).  For good cause shown, the Court **GRANTS**

4    Plaintiff's Motion for Relief.

5    **I.    Motion to Proceed IFP**

6        All parties instituting any civil action, suit or proceeding in a district court of the

7    United States, except an application for writ of habeas corpus, must pay a filing fee of

8    $405.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to

9    prepay the entire fee only if they are granted leave to proceed *in forma pauperis* ("IFP")

10   pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir.

11   2007) ("28 U.S.C. § 1915(a) allows the district court to waive the fee, for most individuals

12   unable to afford it, by granting IFP status.")

13       Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a

14   "certified copy of the trust fund account statement (or institutional equivalent) for . . . the

15   6-month period immediately preceding the filing of the complaint."    28 U.S.C.

16   § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified

17   trust account statement, the Court assesses an initial payment of 20% of (a) the average

18   monthly deposits in the account for the past six months, or (b) the average monthly balance

19   in the account for the past six months, whichever is greater, unless the prisoner has no

20   assets.  *See* 28 U.S.C. § 1915(b)(1), (b)(4).  The institution collects subsequent payments,

21   assessed at 20% of the preceding month's income, in any month in which the account

22   exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.

23   *See* 28 U.S.C. § 1915(b)(2).  Plaintiff remains obligated to pay the entire fee in monthly

24   installments regardless of whether the action is ultimately dismissed.  *Bruce v. Samuels*,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

23-CV-2054 JLS (AHG)

1    577 U.S. 82, 84 (2016).

2        In support of his IFP Motion, Plaintiff has submitted a copy of his California

3    Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report.  The

4    Report indicates that during the six months prior to filing suit, Plaintiff had an average

5    monthly balance of $36.41, average monthly deposits of $32.50, and an available balance

6    of $3.70 in his account at the time he filed suit.  ECF No. 5 at 1.  The Court **GRANTS**

7    Plaintiff's Motion to Proceed IFP and declines to impose the $7.28 initial partial filing fee

8    pursuant to 28 U.S.C. § 1915(b)(1) because the prison certificate indicates Plaintiff may

9    have no means to pay it.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a

10   prisoner be prohibited from bringing a civil action or appealing a civil action or criminal

11   judgment for the reason that the prisoner has no assets and no means by which to pay the

12   initial partial filing fee"); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding

13   that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

14   IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when

15   payment is ordered").  Plaintiff remains obligated to pay the entire fee in monthly

16   installments.

17   **II.      Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

18       ***A.      Standard of Review***

19       Because Plaintiff is a prisoner proceeding IFP, the Complaint requires a pre-Answer

20   screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court must *sua sponte*

21   dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails

22   to state a claim, or seeks damages from defendants who are immune.  *Lopez v. Smith*,

23   203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2));

24   *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C.

25   § 1915A(b)).

26        "The standard for determining whether a plaintiff has failed to state a claim upon

27   which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

28   Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*,

668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.    Allegations in the Complaint**

Plaintiff alleges that on May 24, 2023, Defendant RJD Correctional Officer Terronez "began spreading false rumors to the inmates on Alpha Yard" by claiming Plaintiff was a "snitch" and "child molester." Compl. at 3. Later, Plaintiff was "ordered by prison gang members to produce proof of [his] criminal charges." *Id.* Plaintiff was then "knocked unconscious by a strike to [his] face" by an inmate who entered his cell causing "head trauma, laceration, bleeding and bruising to the upper left side of [his] face/head." *Id.*

Plaintiff filed an "emergency grievance" regarding the actions of Terronez with the "appeals coordinator officer." *Id.* at 4. However, Plaintiff alleges Defendant RJD Correctional Counselor Blanding "did not process [his] grievance within the emergency timeframe." *Id.*

Plaintiff seeks $8,500,000 in compensatory damages. *See id.* at 7.

**C.    Discussion**

The Eighth Amendment prohibits the imposition of cruel and unusual punishments.

4

23-CV-2054 JLS (AHG)

1    *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  To that end, prison officials are required to

2    take "reasonable measures to guarantee the safety" of inmates.  *Farmer v. Brennan*,

3    511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

4         An Eighth Amendment claim against a prison official must meet two requirements,

5    one subjective and one objective.  *Farmer*, 511 U.S. at 834, 837.  First, the deprivation

6    alleged must be, objectively, "sufficiently serious."  *Id.* at 834.  When a claim is based on

7    based on a failure to prevent harm, this means "the inmate must show that he is incarcerated

8    under conditions posing a substantial risk of serious harm."  *Id.*  Second, under the

9    subjective requirement, the inmate must show the prison official acted with "deliberate

10   indifference" to his safety.  *Id.* at 837.  This requires a showing the defendant acted with a

11   "sufficiently culpable state of mind."  *Id.*  "[I]t is not enough that the official objectively

12   should have recognized the danger but failed to do so."  *Jeffers v. Gomez*, 267 F.3d 895,

13   914 (9th Cir. 2001) (citing *Farmer*, 511 U.S. at 838).  "[T]he official must both be aware

14   of facts from which the inference could be drawn that a substantial risk of harm exists, and

15   he must also draw the inference."  *Farmer*, 511 U.S. at 837.  Thus, even if a prison official

16   "should have been aware of the risk," but they were not, "then the official has not violated

17   the Eighth Amendment, no matter how severe the risk."  *Id.* at 834.

18        Based on the allegations in the Complaint, the Court finds Plaintiff's allegations are

19   sufficient to survive the "low threshold" of the screening required by 28 U.S.C.

20   §§ 1915(e)(2) & 1915A(b) with respect to an Eighth Amendment claim against Defendant

21   Terronez. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989) (finding

22   allegations that a prison official called an inmate a "snitch" in the presence of other inmates

23   sufficient to state a claim of deliberate indifference to an inmate's safety); *Puckett v.

24   Arreguin*, No. 1:10-CV-00971-MJS PC, 2012 WL 1119460, at *3 (E.D. Cal. Apr. 3, 2012)

25   ("[B]eing labeled a 'pedophile,' 'rapist,' or 'child molester' is at least as dangerous in

26   prison as being called a snitch.").

27        Accordingly, Plaintiff is entitled to have the U.S. Marshal effect service of the

28   summons and Complaint against Defendant Terronez.  *See* 28 U.S.C. § 1915(d) ("The

1  officers of the court shall issue and serve all process, and perform all duties in [IFP]

2  cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United

3  States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma

4  pauperis under 28 U.S.C. § 1915.").  Nevertheless, the Court cautions Plaintiff that the *sua*

5  *sponte* screening process is "cumulative of, not a substitute for, any subsequent [motion to

6  dismiss] that the defendant[s] may choose to bring."  *Teahan v. Wilhelm*,

7  481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

8  However, the Court finds that Plaintiff has failed to state a claim against Defendant

9  Blanding.  A prison official's allegedly improper processing of an inmate's grievances or

10  appeals, without more, cannot serve as a basis for § 1983 liability.  *See generally Ramirez*

11  *v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (stating that prisoners do not have a "separate

12  constitutional entitlement to a specific prison grievance procedure"); *Mann v. Adams*,

13  855 F.2d 639, 640 (9th Cir. 1988) (concluding that due process is not violated simply

14  because defendant fails properly to process grievances submitted for consideration);

15  *Shallowhorn v. Molina*, 572 Fed. App'x 545, 547 (9th Cir. 2014) (finding that a district

16  court properly dismissed § 1983 claims against defendants who "were only involved in the

17  appeals process" (citing *Ramirez*, 334 F.3d at 860)).

18  Accordingly, the Court **DISMISSES** all claims against Defendant Blanding for

19  failing to state a claim upon which relief may be granted pursuant to 28 U.S.C.

20  §§ 1915(e)(2) & 1915A(b).

21  **III.   Conclusion and Orders**

22  Accordingly, good cause appearing, the Court:

23  1)   **GRANTS** Plaintiff's Motion for Relief from Local Rule General Order

24  No. 653A (ECF No. 8);

25  2)   **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 6);

26  3)   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from

27  Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly

28  payments from Plaintiff's account in an amount equal to twenty percent (20%) of the

23-CV-2054 JLS (AHG)

preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2);

4) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

5) **DISMISSES** all claims against Defendant Blanding for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) and **DIRECTS** the Clerk of Court to terminate this Defendant from the docket;

6) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 7) for Defendant Terronez and forward it to Plaintiff along with a blank U.S. Marshal Form 285. The Clerk will **PROVIDE** Plaintiff with certified copies of the Complaint and summons for use in serving Defendant. Upon receipt of this "In Forma Pauperis Package," Plaintiff **MUST COMPLETE** the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and **RETURN** the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the *In Forma Pauperis* Package.

7) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant Terronez as directed by Plaintiff on the USM Form 285. Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

8) **ORDERS** Defendant, once served, to reply to Plaintiff's Complaint and any subsequent pleading Plaintiff files in this matter in which Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening Defendants are required to respond).

9) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to

23-CV-2054 JLS (AHG)

1  serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's

2  counsel, a copy of every further pleading, motion, or other document submitted for the

3  Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include, with every

4  original document sought to be filed with the Clerk, a certificate stating the manner in

5  which a true and correct copy of that document has been served on Defendant or their

6  counsel, and the date of that service.  *See* S.D. Cal. CivLR 5.2.  Any document received by

7  the Court which has not been properly filed with the Clerk or which fails to include a

8  certificate of service upon a Defendant, or their counsel, may be disregarded.

9      **IT IS SO ORDERED**.

10  Dated:  December 5, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

23-CV-2054 JLS (AHG)