UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN,<br><br>                             Plaintiff,<br><br>v.<br><br>L. TERRONEZ,<br><br>                             Defendant. | Case No.: 23-cv-2054-JLS-DEB<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS OFFICIAL CAPACITY CLAIM**<br><br>**[DKT. NO. 15]** |

      This Report and Recommendation on Defendant L. Terronez's Motion to Dismiss Official Capacity Claim ("Motion") is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(e). For the reasons discussed below, the Court recommends **GRANTING** Terronez's Motion.

### I.    BACKGROUND

      Pro se Plaintiff Justin Salmen is incarcerated at R.J. Donovan Correctional Facility ("RJD"). Salmen's complaint alleges RJD correctional officer Terronez violated his civil rights by "spreading false rumors to the inmates on Alpha Yard" by claiming Salmen is a "snitch," "child molester," and "homosexual." Dkt. No. 7 at 3. Another inmate then "knocked [Salmen] unconscious by a strike to [his] face" causing "head trauma, laceration, bleeding and bruising to the upper left of [his] face/head." *Id*.

The Court screened Salmen's complaint and found it stated a plausible claim against Terronez under 42 U.S.C. § 1983 for deliberate indifference to a substantial risk of harm from another inmate. Dkt. No. 10 at 5.[1]

Terronez's Motion seeks dismissal of Salmen's "official capacity" claim because it is barred by the Eleventh Amendment. Dkt. No. 15.[2] Salmen did not file a response.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court must "construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

The Court must liberally construe a pro se complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

---

[1] The Court dismissed Salmen's claim against Defendant Blanding. Dkt. No. 10 at 6.

[2] Terronez concedes Salmen's individual capacity claim may proceed. Dkt. No. 15-1 at 2.

## III.   DISCUSSION

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* The Eleventh Amendment bars suits for money damages against states and their agencies under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990). It does not, however, bar a plaintiff from seeking prospective injunctive relief against the state official. *Will*, 491 U.S. at 71 n. 10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) and citing *Ex Parte Young*, 209 U.S. 123, 159–60 (1908)).

Salmen sues Terronez in her official and individual capacities. Dkt. No. 7 at 2. Salmen seeks $8,500,000 in compensatory damages; he does not seek injunctive relief.

Salmen's official capacity claim is barred by the Eleventh Amendment, which precludes federal courts from hearing suits by private citizens against states unless a state has waived its immunity. *Will*, 491 U.S. at 66. "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]" *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (quoting *Dittman v. California*, 191 F. 3d 1020, 1025–26 (9th Cir. 1999)). Because amendment cannot cure this jurisdictional bar, the Court recommends dismissal of Salmen's official capacity claim without leave to amend. *See Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) dismissing Salmen's official capacity claim against Terronez with prejudice.

**IT IS ORDERED** that no later than **July 16, 2024**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties by **August 13, 2024**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: **June 18, 2024**.

Honorable Daniel E. Butcher
United States Magistrate Judge